In the Matter of the General Assignment for the Benefit of Creditors of SMITH STORE EQUIPMENT CORP., Assignor, to EDWIN I. BECKER, Assignee.

Supreme Court, Special Term, New York County, April 20, 1942.

*Silver & Secular,* for the assignee.

*Edwin I. Becker,* assignee, *pro se.*

EDER, J. Application to settle and allow final account of assignee for benefit of creditors and for allowance of compensation to assignee and to his attorneys The final account has been filed and brought on for disposition pursuant to the direction of this court. (N. Y. L. J. March 3, 1942, p. 930.)

Subdivision 29 of rule 12 of the Special Term Rules, New York County Supreme Court, prescribes the time when allowances shall be made to the assignee and for attorneys' fees. Such awards are to be made " upon the motion to settle and allow the assignee's account " or where the matter is referred, upon the confirmation of the referee's report. It results from this that application for allowances made prior to the time prescribed by the rule are irregular and premature, though, no doubt, the rule may be suspended, in an exceptional and unusual case — an element not relevant here.

No petition for compensation has been presented on this application to settle and allow the final account of the assignee; there was a petition previously presented by the attorneys upon a motion made by them for permission to resign and to fix their compensation and which motion was denied; upon the instant application they submit a supplemental petition requesting a further allowance and refer to the petition previously filed by them. That petition was prematurely presented and should have been submitted at this time. However, this proceeding being one in equity, the court in the disposition of the estate will apply equitable considerations (*Matter of De-Light Dress Corp.,* N. Y. L. J. June 13, 1941, p. 2661), and the petition for allowances previously submitted will be deemed and considered as if presented upon the instant application in conformity with subdivision 29 of said rule 12.

By reason of the smallness of this estate and the fact that priority claims of the government, State and city, have not been paid, and which must be considered, the allowances made will have to be consistent therewith. The matter is disposed of as follows: Motion granted; allowance to assignee, statutory commissions, $29.50; to attorneys for assignee, $125 plus $10 disbursements; balance to pay priority claims. Settle order.